IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL WAYNE ERVIN,

           Petitioner,

vs.                                      No. CIV 03-403 MV/LFG

PATRICK SNEDEKER and
JOE WILLIAMS,

           Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed March 31, 2003. Respondents filed their Answer [Doc. 9] and Motion to Dismiss Petition [Doc. 10] on May 5, 2003, to which Petitioner filed a Response [Doc. 13], along with an additional Statement [Doc. 14], on July 31, 2003. Respondents' Motion to Dismiss is now fully briefed and ready for ruling.

    2. Petitioner Michael Wayne Ervin ("Ervin"), currently incarcerated at the Lea County

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Correctional Facility in Hobbs, New Mexico, challenges the judgment, sentence and Commitment entered by the Second Judicial District Court in <u>State v. Ervin</u>, No. CR 97-3710 (County of Bernalillo, New Mexico).

    3. Following a jury trial, Ervin was convicted of two counts of first degree criminal sexual penetration of a minor, kidnaping, false imprisonment, and bribery of a witness. He was sentenced to 60 years imprisonment, with two years parole, and ordered to register as a sex offender under the New Mexico Sex Offender Registration Act. [Doc. 9, Ex. A]. His conviction was affirmed on appeal, and his state petition for habeas corpus relief was denied.[2] He did not seek certiorari in the New Mexico Supreme Court after denial of his habeas corpus petition.

    4. Ervin's petition lists three grounds for relief. However, the second ground, labeled "Alledged [sic] victim's credibility is/was in serious question throughout this case," and the third ground, labeled "Inadmissable, heresay [sic] evidence as is also included in a copy herein," apparently refer the reader to an attachment to the petition. This attachment is quite lengthy and includes multiple claims going far beyond witness credibility and hearsay evidence. This attachment is a reproduction of 27 pages taken directly from Ervin's state habeas petition.[3]

    5. Because Respondent raises the issue of procedural default, the Court will examine each of the multiple grounds raised in Ervin's petition and attachment in order to determine whether each

---

[2]Ervin filed two habeas petitions in state court. The first was filed while his appeal was still pending, and it was dismissed as premature. All references herein to Ervin's state habeas petition are to the second petition, filed after his appeal had run its course.

[3]The 27-page attachment was omitted from the copy of Ervin's state habeas petition which the State submitted as Ex. P to its Answer [Doc. 9] in this case. However, the Court has reviewed the state habeas petition, which is part of the Record Proper in <u>State v. Ervin</u>, No. CR 97-3710, and determines that these 27 pages (RP 495-521) are identical to the attachment Ervin included with his federal habeas petition.

of these claims was procedurally defaulted. The Court considers, therefore, that Ervin presents the following grounds for habeas review:

Claim One: The judge rushed the jury verdict.

Claim Two: The primary witness against Ervin (who was a minor at the time of the incidents and at the time of trial, and who will be referred to herein as "Ryan") is not credible, and the court erred in restricting defense cross-examination by barring from evidence Ryan's psychiatric reports, which would have shown that Ryan "lies constantly," is "manipulative," and "spreads cruel rumors."

Claim Three: Ryan is not credible, and the court erred in permitting his "unsubstantiated hearsay" testimony that he had filed two reports of sexual abuse against Ervin, when there is no documentation that the first such report was ever made.

Claim Four: The "frequent biased tone" of the trial judge's rulings, and her failure to admit Ryan's psychiatric reports into evidence.

Claim Five: The judge erred in refusing to allow into evidence the reports of Dr. Crumley, who testified as to psychiatric and physical examinations performed on Ryan.

Claim Six: The judge ruled that certain letters purportedly written by Ervin to witnesses in this case, and brought to the court's attention 10 days prior to trial, would not be allowed into evidence, although she also held that the matter could be raised again if Ervin took the stand; Ervin contends that this latter ruling deprived him of his right to testify in his own behalf.

Claim Seven: The judge allowed into evidence a prejudicial photograph of a "smiling, eight-year-old" Ryan.

Claim Eight: Jury tampering: Ervin "believes" the jury was informed of his prior conviction for sexual abuse of a minor.

Claim Nine: Ervin was denied free access to transcripts of his trial.

Claim Ten: The trial judge was biased, as evidenced by her angry demeanor toward defense counsel in ruling that Ryan's guardian could be present when Ryan testified on videotape.

Claim Eleven: The prosecutors engaged in misconduct by using coerced and perjured testimony.

6. Respondent argues that all of Ervin's claims were procedurally defaulted in state court and therefore cannot be raised in this federal habeas petition. The Court agrees and finds further that Ervin has not shown cause and prejudice to excuse the procedural default, nor has he demonstrated that a fundamental miscarriage of justice will occur if his default is not excused. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). The Court therefore recommends dismissal of Ervin's petition.

## Discussion

7. The concept of procedural default in habeas corpus cases is grounded in concerns of comity and federalism. Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998).

> Where a state has raised and preserved the issue of procedural default, federal courts generally do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice.

Id., *citing* Coleman v. Thompson, *supra*, at 750.

8. None of the claims raised in this federal habeas petition was pursued through certiorari to the New Mexico Supreme Court, either on direct appeal or on habeas petition, as discussed further below. One of the claims – that the trial judge rushed the jury's verdict – was not raised at all in the state courts and, with regard to that claim, Ervin has failed to exhaust his state remedies. However,

the Court considers this unexhausted claim to be procedurally defaulted as well. "[If] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . [then] there is procedural default for purposes of federal habeas." Watson v. New Mexico, 45 F.3d 385, 386 n.1 (10th Cir. 1995) (internal punctuation omitted).

    9. Ervin is precluded from raising the unexhausted claim in any further proceedings in state court. Any issue not raised on direct appeal, of which the defendant had adequate notice, is foreclosed from habeas review in New Mexico state courts. State v. Garcia, 80 N.M. 21, 23, 450 P.2d 621, 623 (1969) ("post conviction proceedings are not intended to be utilized as a substitute for appeal as a means of correcting error occurring during the course of trial"). In addition, New Mexico courts will not consider, in a second postconviction proceeding, any grounds which could have been, but were not, asserted in a first habeas proceeding. "Such grounds omitted in the prior proceedings are deemed waived." State v. Gillihan, 86 N.M. 439, 440, 524 P.2d 1335, 1336 (1974); *see also*, Cisneros v. State, 88 N.M. 368, 540 P.2d 848 (Ct. App. 1975). Ervin's failure to raise an issue in state court constitutes an "adequate and independent state procedural ground" which bars consideration of the claim on federal habeas corpus. Jackson v. Shanks, *supra*.

    10. New Mexico courts do allow an exception to the waiver rule, where a petitioner asserts "fundamental error" in his trial. State v. Gillihan, *supra,* 86 N.M. at 441. This is a narrow exception, however. "Claims of fundamental error are considered only to avoid a miscarriage of justice or a result which shocks the judicial conscience." Wiggins v. Moriarity, 145 F.3d 1347 (Table, text in Westlaw), No. 97-2208, 1998 WL 244028 (10th Cir. May 4, 1998). In Wiggins, the Tenth Circuit rejected the District Court's determination that a particular claim was not procedurally defaulted,

because the petitioner could still raise the claim in a second habeas petition in New Mexico state court by asserting fundamental error. As discussed below in the section on "fundamental miscarriage of justice," there is no basis for such a claim in the present case. Even Ervin's unexhausted claim is, therefore, procedurally defaulted.

11. The Court examines each of Ervin's claims separately, as follows, and finds that all of them are procedurally defaulted.

### Claim One: Judge Rushed the Jury Verdict

12. In this claim, Ervin alleges that trial evidence closed on a Thursday and the trial judge specifically informed the jury that it would have to reach a verdict by 4 p.m. the next day, because she did not want the jury to deliberate over the weekend. Ervin says that the verdict came down at 3 p.m. on Friday, and he claims that the judge forced the jury to "rush" the verdict, implying that the jury was not given adequate time to reach a thoughtful and considered decision.

13. This claim was never raised by Ervin, either on direct appeal or in state habeas proceedings. He acknowledges this failure in his petition; his explanation is that "this was only recently recalled by memory." [Doc. 1, at 7,10].

14. Ervin had notice of the timing of the verdict, and any remarks made by the trial judge, at the time the verdict was rendered. There is no reason he could not have included this issue in his direct appeal, and any issue not raised on direct appeal is foreclosed from state habeas review. Duncan v. Kerby, *supra*. This constitutes an adequate and independent state procedural ground, foreclosing federal habeas review. In addition, as discussed above, the claim in unexhausted but no longer available for consideration in New Mexico courts; for this reason also the claim is procedurally defaulted.

Claim Two:  Error in Restricting Cross-Examination of Witness

15. Ervin argues in this claim that "all aspects of his [Ryan's] known behavior about compulsive lying should have been allowed to be cross-examined, including his psychological records." [Doc. 1, at 7]. He faults the judge for refusing to admit Ryan's psychiatric records which, Ervin alleges, contain the information that Ryan is "manipulative," "spreads cruel rumors," and "lies constantly." [Doc. 1, Attachment, at 8].

16. On direct appeal, Ervin argued that the trial court erred by restricting his presentation of evidence tending to show that Ryan was not credible; in particular, Ervin argued, defense counsel was not allowed to cross-examine Ryan about specific instances of misconduct which went directly to his credibility, including alleged lying about stealing at Wal-Mart and about his school grades. [Doc. 9, Ex. I, at 17]. The Court of Appeals found that the trial judge did not abuse her discretion in limiting cross-examination by preventing defense counsel from asking Ryan about the fact that he was banned from a Wal-Mart for shoplifting and that he lied about his grades during an interview.

17. It appears that the issue of unfairly limiting cross examination, by the court's refusal to allow into evidence Ryan's psychiatric records, was not specifically raised on direct appeal. Only the parallel argument, that the judge unfairly limited cross examination by refusing to allow evidence of Ryan's stealing and lying about his grades, was raised on appeal. It could be argued that the court of appeals' ruling amounted to a blanket endorsement of the trial court's handling of the Ryan cross-examination and thus the issue was raised, in a general way, and decided in the appeal. If so, the issue nevertheless has been procedurally defaulted, because this specific issue was not raised in Ervin's certiorari petition seeking review in the state supreme court of other matters decided in the appeal. [*See*, Doc. 9, Ex. M].

18. Ervin did, however, raise this issue in his state habeas petition. [*See*, Doc. 9, Ex. P, at 4]. The state district court, in its order denying the habeas petition, held that, "Pursuant to record, it is clear that psychological testimony was elicited at trial from the victim's psychologist and was subject to the cross examination. This area appears to have been appropriately presented to the jury." The court also noted that this issue was not presented on direct appeal. [Doc. 9, Ex. Q, at ¶ 5].

19. As stated above, Ervin never filed a petition for certiorari in the New Mexico Supreme Court seeking review of the district court's ruling on his habeas petition. The New Mexico rules of procedure require that a request for certiorari review of denial of a habeas petition be filed in the supreme court within 30 days of the district court's denial of the petition, NMRA 12-501(B), and Ervin did not do so. Instead, he proceeded directly to federal court without giving the state supreme court an opportunity to review the district court's ruling. This failure constitutes an adequate and independent state procedural ground foreclosing federal habeas review. *See*, Watson v. New Mexico, *supra*, at 387:

> Accordingly, Watson, by his failure to seek timely state supreme court review of the denial of his habeas corpus petition by the state district court, failed to exhaust the available state court remedies and his claims are now procedurally defaulted for purposes of federal habeas review.

### Claim Three:  No Documentation of Previous Report of Abuse

20. Ervin argues error in allowing "unsubstantiated hearsay" into evidence. This claim is based on the following sequence of events at trial: Ryan admitted in his testimony that he had previously exaggerated the number of incidents of abuse involving Ervin. The prosecution was allowed to ask him why he made up some of these incidents, even though others were true. Ryan

answered that he felt he had to make it sound really bad, because no one believed him the first time he reported abuse by Ervin. [Doc. 1, Attachment, at 8]. Ervin claims that there was no prior report of abuse, and he assigns error to the court's allowing the prosecution to question Ryan about the alleged prior report of abuse, without also requiring documentation of the prior report.

21.   This issue was raised in Ervin's state habeas petition [Doc. 9, Ex. P, at 4], and he did not seek certiorari of the denial of his petition. The issue is therefore procedurally defaulted.

### Claim Four:  Bias of the Trial Judge

22.   Ervin states in this claim, "This is not a claim against the judge's rulings other than they [sic] frequently biased tone of her rulings." [Doc. 1, at 10]. He cites in particular the judge's refusal to allow Ryan's psychiatric records into evidence.

23.   This issue was raised in the state habeas petition and rejected by the district judge. The judge who signed the order dismissing Ervin's state habeas petition is not the same judge who presided at trial. The order reads:  "The Petitioner's allegation of bias against the trial judge lacks substance. The Petitioner himself states 'This is not a claim against the Judge's rulings other than the frequent biased tone of her rulings.' The record does not support this contention." [Doc. 9, Ex. Q, at ¶8].

24.   As noted previously, Ervin did not take the denial of his habeas petition to the state supreme court on certiorari, and the issue is therefore procedurally defaulted.

### Claim Five:  Refusal to Admit Reports of Examining Physician

25.   Ervin argues that, "at deliberation," the jury asked to see the examination reports of Dr. Crumley, Ryan's psychiatrist who also performed a physical examination of Ryan, and the judge refused to allow the jury to see them. Ervin asserts that Dr. Crumley testified he found no scars on

Ryan's penis during physical examinations performed in 1996 and 1997, but the written reports of these examinations were not in evidence. Ervin asserts further that the Crumley report would have contradicted that of a different doctor who examined Ryan in 1993 and testified that there were two scars on his penis, thus substantiating one of Ryan's claims as to the nature of the sexual abuse by Ervin.

26. It is unclear exactly what the basis of this claim is – whether Ervin is arguing that the judge erred in an evidentiary ruling, or erred in refusing to provide the jury, during their deliberations, with documents that were not part of the evidence. In either case, this issue was never raised on appeal. It was raised in the state habeas petition but was not pursued to the state supreme court, and the issue is therefore procedurally defaulted.

<u>Claim Six:  Deprivation of Right to Testify in Own Behalf</u>

27. Ervin next claims that he was deprived of his right to testify in his own behalf at trial, based on the following sequence of events: Just ten days prior to trial, the prosecution brought to the court's attention several handwritten letters (some of which were admittedly written by Ervin and others which he denied writing), addressed to various witnesses and other persons involved in the case. The prosecution asked that the letters be admitted into evidence. The defense objected, primarily because it would be difficult to find and hire a handwriting expert at that late date to prove the challenged letters were not written by Ervin.

28. The judge refused to allow the letters into evidence at that point but said they might be allowed later, if Ervin were to take the stand and if his testimony opened the door to the letters' admission. Ervin argues that this ruling deprived him of the right to testify in his own behalf. [Doc. 1, Attachment, at 13-14].

29. This claim was not raised on direct appeal. It was raised in the state habeas petition but was not pursued to the state supreme court, and the issue is therefore procedurally defaulted.

### Claim Seven: Prejudicial Admission of Photograph

30. Ervin claims that the judge admitted into evidence a photograph of "an eight year old, smiling [Ryan] wearing pajamas," and this was prejudicial because it was irrelevant to the charges against Ervin and caused the jury to believe that Ryan "was now a shell of the boy he was in that picture due to what they could speculate what Michael Ervin was accused of doing to him." [Doc. 1, Attachment at 14].

31. Ervin did not raise this claim on direct appeal. It was raised in the state habeas petition but was not pursued to the state supreme court, and the issue is therefore procedurally defaulted.

### Claim Eight: Tampered Jury

32. Ervin claims the jury was tainted by knowledge of his prior conviction for child sexual abuse. He has no evidence that the jury actually knew of this conviction, but he "believes it may have been informed" of the conviction, "in light of their [*i.e.*, the jury's] unreasonable judgment." [Doc. 1, Attachment, at 15-16].

33. This claim was raised in Ervin's state habeas petition. The order denying habeas relief held that, "The Petitioner's speculation that the jury was partial or tampered with has no basis in the record." [Doc. 9, Ex. Q, at ¶ 9].

34. Ervin did not take the denial of his habeas petition to the state supreme court on certiorari. The issue is therefore procedurally defaulted.

### Claim Nine: Denial of Free Trial Transcripts

35. Ervin claims his request for free trial transcripts hampered his ability to bring his appeal

and apply for postconviction relief. [Doc. 1, Attachment, at 17-18].

36. Ervin raised this issue in his state habeas petition, and the district judge found this claim did not provide a basis for habeas relief. As noted above, Ervin did not seek certiorari review of this denial and the issue is therefore procedurally defaulted.

### Claim Ten:  Judge's Angry Demeanor as Evidencing Bias

37. Ervin cites an alleged angry outburst by the trial judge at defense counsel while ruling on a pretrial matter, and the fact that the ruling was later rescinded at the request of all parties, as evidence of judicial bias against the defendant. [Doc. 1, Attachment, at 19].

38. This issue was not raised on appeal, except under the general allegation that the judge was biased. The issue was raised in Ervin's state habeas petition, and the district judge ruling on the habeas petition (who, as noted above, was not the same judge who presided at Ervin's trial) held that, "Petitioner's allegation of bias against the trial judge lacks substance . . . The record does not support this contention." [Doc. 9, Ex. Q, at ¶ 8]. This habeas ruling was not challenged on certiorari, and the claim has been procedurally defaulted.

### Claim Eleven:  Prosecutorial Misconduct

39. Ervin asserts that the prosecutors engaged in misconduct by using "coerced and perjured" evidence, in the form of: (1) the letters to witnesses written, purportedly, by Ervin; (2) Ryan's uncorroborated testimony that he made a previous report of abuse against Ervin; and (3) the photograph of eight-year-old Ryan. [Doc. 1, Attachment, at 20-23].

40. These specific allegations of misconduct were not raised on appeal. They were raised in the state habeas petition, in which Ervin also asked as additional relief that the prosecuting attorneys be barred from practicing law in the future. [Doc. 9, Ex. P, at 4]. Ervin stated later in the

12

petition that he had lodged complaints with the disciplinary board against the prosecutors, as well as against one of his own defense attorneys. He further says that someone told him the assistant district attorney who prosecuted the case stated to the informant that she didn't believe Ervin was guilty and never believed that Ryan was telling the truth. [Id., at 7].

41. In the order denying habeas relief, the district judge found "meritless" Ervin's request that the prosecutors be barred from practicing law and held that, "[w]hether or not one of the prosecutors believed that the Defendant committed the crime is immaterial in light of a unanimous guilty verdict by the jury based upon the evidence presented." [Doc. 9, Ex. Q, at ¶¶ 5,7].

42. As discussed, Ervin did not bring a certiorari petition to the supreme court following this ruling, and it has therefore been procedurally defaulted.

### Cause and Prejudice

43. Having determined that all of the claims raised in Ervin's federal habeas petition were procedurally defaulted, the Court now examines whether Ervin has asserted an adequate excuse for his default.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, *supra*, 501 U.S. at 750.

44. "In order to satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with New Mexico's procedural rules." Watson v. New Mexico, *supra*, at 388, *citing* Dulin v. Cook, 957 F.2d 758, 760 (10th Cir. 1992), *quoting*

13

McCleskey v. Zant, 499 U.S. 467, 493, 111 S. Ct. 1454, 1469-70 (1991). Such "factors" would ordinarily include such things as a showing that the factual or legal basis for the claim was not reasonably available earlier, or that some interference by state officials made compliance impractical. Coleman v. Thompson, *supra*.

45. Ervin makes no such claims in this case. He states, in response to the motion to dismiss, that he is not a lawyer and does not understand the legal process. He says he did not know that these issues must first be submitted to the state's high court. [Doc. 13, at 1; Doc. 14, at 1]. However, a "petitioner's alleged lack of knowledge must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law." Watson, *supra*, at 388. *See, e.g.,* Dulin v Cook, *supra*, in which the prisoner failed to file a petition for certiorari with the Utah Supreme Court when his state habeas was denied. The Tenth Circuit found cause to excuse this default, because the petitioner was incarcerated in a Nevada prison and had no access to Utah appellate rules.

46. Ervin does not claim that he did not have access to the New Mexico rules of habeas procedure. He states in his response that "The petitioner does not put faith in prison (inmate) lawyers, and access to the legal department in this prison leaves much to be desired. I am caught between a rock and a hard place, simply put. I am asked to file legal work without the possibility of knowing exactly how to do so." [Doc. 14, at1].

47. This does not constitute adequate "cause" to excuse Ervin's default. While the Court understands that it may not always be easy for prisoners proceeding *pro se* to know and apply the legal rules surrounding habeas matters, the Court also takes judicial notice that overwhelming numbers of prisoners are able to determine and apply these rules, without professional legal assistance, and they do so every day. Ervin has not demonstrated, or even alleged, that he had no

14

access to the New Mexico rules of procedure and requirements for completing his state habeas petition, nor that anyone impeded or prevented him from learning these rules and filing a timely certiorari petition in the state court.

48. The Court finds, therefore, that Ervin has not shown "cause" to excuse his procedural default, and it does not reach the issue of prejudice.

## Fundamental Miscarriage of Justice

49. Finally, the Court must determine whether Ervin's conviction represents a "fundamental miscarriage of justice" by conviction of one actually innocent. Such a finding would excuse his procedural default.

50. Ervin asserts throughout his petition that he did not commit the crimes of which he was convicted; rather, he says, his principal accuser lied about the incidents, and the trial was so infected with error that the jury wrongly convicted an innocent man. But however impassioned his arguments in this regard, Ervin was not come forth with evidence that "affirmatively demonstrates his innocence":

> [T]he fundamental miscarriage of justice exception is an extremely narrow exception, implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent ... To prevail, Phillips must identify evidence that affirmatively demonstrates his innocence ... A criminal defendant is required to provide evidence that does more than simply undermine the finding of guilt against him ...

Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal punctuation omitted), *citing* Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639 (1986). Rather, the petitioner must present new evidence and show that it is more likely than not that no reasonable juror would have convicted him in light of this new evidence. Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995).

15

51. Evidence or arguments presented by the petitioner which merely "cast doubt upon the testimony of his primary accuser" are not sufficient to show that the petitioner is actually innocent of the crime. Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993). Ervin repeats again and again that Ryan, his accuser, is manipulative and a liar. He claims that Ryan lied in his testimony, and that the jury believed him in part because cross-examination was unfairly restricted. The courts to which he presented this argument both found that the cross-examination was fairly handled. *See*, New Mexico Court of Appeals opinion [Ex. L to Doc. 9]; and district court's order on state habeas [Ex. Q to Doc. 9]. The state supreme court denied certiorari in the direct appeal and was never given the opportunity to review the habeas decision.

52. As Ervin points out, he was accused of actions which generally go unwitnessed by third parties, and the trial therefore came down to a question of credibility. The Court is mindful that in this situation, it would be not be easy for Ervin to come up with evidence which affirmatively proves his innocence; nonetheless, this is the standard which the Court must follow. Murray v. Carrier; Phillips v. Ferguson; Ballinger v. Kerby, *supra*. The jury found Ryan's testimony credible. A federal court does not sit in habeas proceedings to reassess a jury's decision as to the credibility of a witness. In order for this Court to now overturn the jury's credibility determination, Ervin must present something more substantial than his own claim of innocence. The Court finds that he has not met this standard.

53. In addition, the Court has reviewed in detail the state court record, including the transcript of Ervin's trial, and concludes that there is no basis for finding that a fundamental miscarriage of justice has occurred.

## **Recommended Disposition**

That Ervin's petition be denied and the case be dismissed with prejudice.

　　　　　　　　　　　　　　　　　　　　　　　_Lorenzo F. Garcia_
　　　　　　　　　　　　　　　　　　　　　　　Lorenzo F. Garcia
　　　　　　　　　　　　　　　　　　　　　　　Chief United States Magistrate Judge